UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRIME PROPERTY AND
CASUALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                     Case No: 6:22-cv-1668-JSS-DCI

COEXI TRUCKING, LLC, STEPHAN
JOMAR GONZALEZ, BRANDYN
WASHINGTON and W. ALEMAN
TRUCKING LLC,

      Defendants.
_____/

## ORDER

    Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Motion, Dkt. 54.) Defendant Brandyn Washington filed a response in opposition (Dkt. 58) and Plaintiff filed a reply (Dkt. 60). The court directed Washington to supplement his response (Dkt. 71), however he failed to do so. For the reasons that follow, Plaintiff's Motion is granted.

## BACKGROUND

    Brandyn Washington and Stephan Jomar Gonzalez were involved in a car accident in Davenport, Florida on January 4, 2022. (*Id*. 35 ¶ 12.) Subsequently, Washington filed a complaint in the Tenth Judicial Circuit in Polk County, Florida. (Dkt. 35–1.) In the complaint, Washington asserted that Gonzalez was driving the

truck involved in the accident.  (*Id.* ¶ 15.)  Washington also alleged that Gonzalez was an agent or employee of Coexi Trucking, LLC and W. Aleman Trucking, LLC at the time of the accident.  (*Id.* ¶¶ 29, 32.)

Prior to the accident, Plaintiff issued an insurance policy to Coexi (the Policy), which states the following:

SECTION II – COVERED AUTOS LIABILITY COVERAGE
A. Coverage We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos." However we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident."

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

***
SECTION V – DEFINITIONS
A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

B. "Auto" means:
  1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

\*\*\*

SCHEDULED DRIVERS ENDORSEMENT ACA-99-25

This Endorsement changes the terms and conditions of the Policy issued. Please read it carefully!

No coverage shall be provided under this Policy for any covered Auto which is being used or operated by anyone other than the driver(s) or operator(s) named below. Any excluded drivers are entitled to Bodily Injury, Property Damage, and Personal Injury Protection up to the minimum limits required by law and Uninsured Motorist unless otherwise rejected. Driver(s) or operator(s) scheduled on this Policy are to be over the age of 23 and under the age of 65, unless otherwise authorized by an underwriter and scheduled on the Policy.

New drivers and operators will not be added to this Policy until the Insured provides in writing the driver's name, date of birth, and driver's license number to the Insurer. Acceptance by the Insurer is subject to underwriting approval and may require additional premium.

(Dkt. 35, Ex. 2.)  The Policy was in effect at the time of the accident.  (Dkt. 35 ¶ 18.)

Plaintiff asserts that "Gonzalez was not a scheduled driver under the Policy."  (*Id.* ¶ 20.)

Plaintiff filed this action in federal court seeking a declaration that it has no obligation to defend or indemnify Defendants in connection with the accident between Washington and Gonzalez that occurred on January 4, 2022.  (Dkt. 1.)  Plaintiff moves for summary judgment contending that there are no genuine disputes of material facts

for trial and that declaratory judgment should be entered in its favor as a matter of law. (Dkt. 54.) Washington filed a response requesting additional time to conduct discovery to properly respond to Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. 58.) Plaintiff filed a reply asserting that the following facts are undisputed: (1) Gonzalez was the driver involved in the accident, and (2) Gonzalez was not covered under the Policy. (Dkt. 60.) On April 25, 2024, the court issued an order directing Washington to supplement his response following the closure of discovery in this matter. (Dkt. 71.) Washington failed to file a supplemental response as directed by the court.

## APPLICABLE STANDARDS

Granting summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is considered "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the [record], which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (internal quotations omitted). If the movant shows that no evidence supports the

nonmoving party's case, "[t]he burden then shifts to the non- moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir. 1993)).

In determining whether a genuine dispute of material fact exists, "courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion [and] [a]ll reasonable doubts about the facts should be resolved in favor of the non-movant." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999) (citing *Clemons v. Dougherty Cnty.*, 684 F.2d 1365, 1368–69 (11th Cir. 1982)). "If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

As the movant, Plaintiff bears the initial burden of establishing the absence of a genuine factual dispute. *See Celotex*, 477 U.S. at 323. Plaintiff argues, in its reply, "that it is entitled as a matter of law to summary judgment in its favor because Washington's Response fails to set forth any substantive arguments against the Motion." (Dkt. 60.) However, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the

motion." *Trustees of Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps. v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004); *see also Dunlap v. Transamerica Occidental Life Ins. Co.,* 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). Although, "[t]he district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, [it] must ensure that the motion itself is supported by evidentiary materials." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004) (citation omitted). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion[.] *Id.* (citation omitted).

In support of its Motion, Plaintiff cites to the Policy (Dkt. 54, Ex. B), Washington's underlying state court complaint (Dkt. 54, Ex. A), the declaration of Plaintiff's Senior Vice President (Dkt. 54, Ex. C), and Washington's Answer in the present case (Dkt. 38). Plaintiff argues that it is undisputed that Gonzalez was the driver at the time of the accident and further states that Washington admits such in his underlying state court complaint and Answer in this action. *See* (Dkt. 54.) In Washington's underlying state court complaint, he alleges that he was driving a 2012 Hyundai Accent and Gonzalez was driving a 1995 Mack UK Truck behind Washington when Gonzalez "[i]nexplicably and unexpectedly" "violently collided" with Washington's vehicle. (Dkt. 54, Ex. A, ¶¶ 14-20.) Likewise, Washington admits that he and Gonzalez were the drivers of the vehicles involved in the accident in his Answer in this action. (Dkt. 38, ¶¶ 12-13.) Given the absence of conflicting evidence,

it is undisputed that Washington and Gonzalez were the drivers of the vehicles involved in the accident.

Plaintiff further argues that coverage under the Policy is limited to drivers listed in the Policy's Scheduled Drivers Endorsement. (Dkt. 1, Ex. 1; Dkt. 54, Ex. C.) The Policy's Scheduled Drivers Endorsement expressly provides that "No coverage shall be provided under this Policy for any covered Auto which is being used or operated by anyone other than the driver(s) or operator(s) named below." (Dkt. 35, Ex. 2 at 5.) The Policy must be construed considering its plain meaning. *Travelers Indem. Co. v. PCR Inc.*, 326 F.3d 1190, 1193 (11th Cir.2003) ("Florida law requires that insurance policies be read for their plain language and that every provision be given its full meaning and effect.) Considering the plain language of the Policy, the Policy provides coverage for "driver(s) or operator(s) named below." (Dkt. 35, Ex. 2.) Upon review of the Policy, Gonzalez's name is not listed on the Scheduled Drivers Endorsement. As Gonzalez is not listed as a scheduled driver, no coverage under the Policy exists for the accident at issue. *Nat'l Liab. & Fire Ins. Co. v. Ameca Corp.*, No. 2:06-cv-567-FtM-29SPC, 2008 WL 682511 (M.D. Fla. Mar. 6, 2008) (granting summary judgment finding no insurance coverage and no duty to defend or indemnify defendants where none of the accidents at issue involved covered autos and none of the drivers were listed in the truck application). Thus, it is undisputed that Gonzalez was the driver during the time of the accident, he was not listed on the Policy's Scheduled Drivers Endorsement during the time of the accident, the record does not include evidence to suggest that Gonzalez was added as a scheduled driver, and the Policy does not

provide coverage for drivers who are not listed on the Scheduled Drivers Endorsement. (Dkt. 54, Ex. 3, ¶ 4.)   Therefore, there are no genuine disputes of material facts remaining for trial and Plaintiff is entitled to judgment as a matter of law.

<b>CONCLUSION</b>

Accordingly:

1. Plaintiff's Motion for Final Summary Judgment (Dkt. 54) is **GRANTED**.

2. Pursuant to the terms and conditions of the Policy, Plaintiff has no obligation to defend or indemnify Defendants in connection with the automobile accident between Brandyn Washington and Stephan Jomar Gonzalez that occurred on January 4, 2022.

3. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** this case.

**ORDERED** in Orlando, Florida, on June 4, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record